1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL ELKINS and KATHY ELKINS,
husband and wife,

                    Plaintiffs,

          v.

QBE INSURANCE CORPORATION,
a foreign insurer;
COMMUNITY ASSOCIATION
UNDERWRITERS OF AMERICA, INC.,
a foreign corporation,

                    Defendants.

CASE NO. C11-5150 RJB

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT AND DISMISSING
ACTION

          This matter comes before the Court on Defendants QBE Insurance Corporation (QBE)

and Community Association Underwriters of American, Inc.'s, (CAU) motion for summary

judgment.  Dkt. 11.  The Court has considered the pleadings in support of and in opposition to

the motion and the record herein.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DISMISSING
ACTION- 1

**INTRODUCTION AND BACKGROUND**

As a preliminary matter, Plaintiffs assert that this motion is governed by an amended complaint that names two additional Plaintiffs, Kim Jorenson and Jay Gruenfeld.  Dkt. 14 pp. 1-2; Dkt. 14-1 pp. 1-2.  The addition of these additional Plaintiffs does not alter the Court's analysis and to the extent they are proper parties to this action, this Order is binding on their interests.

The material facts are largely undisputed.  Dkt. 13 pp. 2.  Harbour Commons Condominiums are commercial office condominiums located in Gig Harbor, Washington. Dkt. 1-1 pp. 7.  Plaintiffs own office units located in the Harbour Commons Condominiums building and leased those office units to commercial tenants. *Id.*  On January 15, 2009, Plaintiffs' units in the Harbour Commons Condominiums were damaged by fire. *Id.*  QBE issued Policy No. CAU 210764-4 to Harbour Commons, A Condominium, which was effective at the time of the fire. *Id.*

QBE has paid policy proceeds because of the loss to the building and units as a result of the fire.  There is no issue regarding the claim of loss to the building.  Dkt. 11 pp. 3-4

Plaintiffs sought recovery of insurance proceeds against QBE for loss of rental income to their two commercial condominium office units that were damaged as a result of the fire.  Dkt. 1-1 pp.7.  QBE declined to pay Plaintiff unit owners (the Elkins) for loss of rental income after the fire, asserting that the policy was issued to the condominium association and does not provide insurance for loss of income to the unit owners.  Dkt. 11 pp. 2.  QBE contends that because Plaintiffs are not the named insured under the policy and cannot recover policy proceeds as the "named insured," QBE is entitled to summary judgment on all of Plaintiffs' claims: Breach of Contract, Violation of the Consumer Protection Act, Bad Faith and Violation of the Insurance Fair Conduct Act (RCW 48.30.015).  *Id.*

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DISMISSING
ACTION- 2

1      Plaintiffs dispute this interpretation of the policy, contending that the rental loss provision

2   is not limited to the named insured and provides for payment for loss of community income

3   which encompasses loss of rents by individual unit owners.  Dkt. 13 pp. 4-5.

4      The Office Condominium Policy declarations provision provides:

5          NAMED INSURED       HARBOUR COMMONS, A CONDOMINIUM.

6   Dkt 14-4 pp. 1.

7      The Declarations provide that:

8          COVERAGE IS PROVIDED FOR ONE TWO-STORY FRAME OFFICE
           CONDOMINIUM BUILDING CONTAINING TWELVE PROFESSIONAL
9          UNITS. THE PREMISES IS LOCATED AT 7512 STANICH AVENUE, UNITS
           1-5,6A-F, 7, Gig Harbor, Pierce COUNTY, WA 98335.
10
    Dkt 14-4 pp. 2
11
       The Property Coverage Part provides in part that:
12
           Throughout this policy the words "you" and "your" refer to the
13         Named Insured shown in the "Declarations."

14  Dkt. 14-4 pp. 5.

15     The coverage provision at issue is set forth as follows:

16         II.  PROPERTY CONSEQUENTIAL
               COVERAGES SECTION
17
           Unless specified otherwise, coverages apply as a
18         consequence of direct physical loss or damage to
           "covered property" caused by or resulting from a
19         COVERED CAUSE OF LOSS for which a limit of
           insurance is shown for such "covered property" in the
20         "Declarations." The coverages in this section are only
           provided when limits of insurance are shown in the
21         "Declarations."
           ...
22
               B. COMMUNITY INCOME
23                 We will pay for the loss of community income,
                   including loss of rent or loss of lease payments,
24

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DISMISSING
ACTION- 3

due to the suspension of your operations during
the "period of restoration." Community income
does not include maintenance fees and
assessments.

Dkt. 14-4 pp. 8.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the opposing party must show that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). A dispute as to a material fact is 'genuine' if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The opposing party may not rest upon the mere allegations or denials of the moving party's pleading, but must present significant and probative evidence to support its claim. *Intel Corp. v. Hartford Accident & Indem. Co*., 952 F.2d 1551, 1558 (9th Cir. 1991). For purposes of this motion, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party. *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is mandated where the facts and the law will reasonably support only one conclusion.

## CONSTRUCTION OF INSURANCE CONTRACTS

Interpretation of the language of an insurance policy is a matter of law for the court to decide. *Kitsap Cty. v. Allstate Ins. Co*., 136 Wn.2d 567, 575, 964 P.2d 1173 (1998). An insurance policy should be construed as a whole, with the policy being given a fair, reasonable,

1   and sensible construction as would be given by the average person purchasing insurance. *Am.*

2   *Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co.*, 134 Wn.2d 413, 427, 951 P.2d 250 (1998).

3   When interpreting a policy's terms, words and phrases are not analyzed in isolation. *Allstate Ins.*

4   *Co. v. Peasley*, 131 Wn .2d 420, 424, 932 P.2d 1244 (1997).   Instead, the policy is read in its

5   entirety and effect is given to each provision. *Peasley*, at 424.   Clear and unambiguous language

6   in an insurance policy will be enforced.   Where the contract language is clear and unambiguous,

7   the courts should not rewrite the policy under the guise of construing the language.  *Batdorf v.*

8   *Transamerica Title Ins. Co.*, 41 Wn. App. 254, 702 P.2d 1211 (1985).  If the language of the

9   policy is susceptible to two reasonable and fair interpretations, ambiguity exists.  *Vadheim v.*

10  *Continental Ins. Co.*, 107 Wn.2d 836, 840-41, 734 P.2d 17 (1987).  Ambiguity must be resolved

11  in favor of the insured regardless of the intent of the insurer.  *Trans Continental Ins. Co. v.*

12  *Washing Public Util. Dists' Util. Sys.*, 111 Wn.2d 452, 760 P.2d 337 (1988).

13                    **THE HARBOUR COMMONS CONDOMINIUM POLICY**

14          Washington requires condominium associations to maintain certain insurance coverage

15  for condominiums.  RCW 64.34.352 states that a condominium association shall maintain, to the

16  extent reasonably available:

17                  (a) Property insurance on the condominium, which may, but
                    need not, include equipment, improvements, and betterments in
18                  a unit installed by the declarant or the unit owners, insuring
                    against all risks of direct physical loss commonly insured
19                  against. * * *

20                  (b) Liability insurance, including medical payments insurance,
                    in an amount determined by the board of directors..

21
          The statute further provides that each unit owner is an insured person under the policy
22
    with respect to liability arising out of the owner's interest in the common elements of the
23
    association.   RCW 64.34.352(3)(a).   There is no statutory requirement that an association
24

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DISMISSING
ACTION- 5

1  provide coverage for the personal interests of unit owners. In fact, RCW 64.34.352(5) provides

2  that a unit owner is entitled to obtain insurance for the owner's own benefit.

3        Harbour Commons Condominiums Association filed Conditions, Covenants and

4  Restrictions with the Washington Secretary of State which included the following provision in

5  regard to the statutory mandate to maintain insurance:

6            ARTICLE III
             Insurance
7            1.  Insurance Coverage: The Board shall obtain and
             maintain at all times as a common expense a policy or policies
8            and bonds required to provide.
             a. Fire insurance, with extended coverage
9            endorsement, in an amount as equal to the full insurable
             replacement value, without deduction for depreciation, but from
10           any other deductions which the Board may find reasonable after
             consultation with insurance consultants, of the common and
11           limited common areas and the condominium units, with the
             Board named as insured as trustee for the benefit of owners and
12           mortgagees as their interests may appear, or such other fire and
             casualty insurance as the Board shall determine to give
13           substantially equal or greater protection insuring the owners,
             and their mortgagees, as their interests may appear. Said policy
14           or policies shall provide for separate protection for each
             condominium unit to the full insurable replacement value
15           thereof, as above provided, and a separate loss payable clause in
             favor of the mortgagee of the condominium, if any. .
16           . . . . .
             2. Owner's Additional Insurance: Each owner may
17           obtain additional insurance respecting his condominium unit as
             contemplated under RCW 64.32.228 and 64.32.314(1) at his
18           own expense; no owner shall, however, be entitled to exercise
             his right to maintain insurance coverage in any manner which
19           would decrease the amount which the Board, or any trustee for
             the Board, on behalf of the owners, will realize under any
20           insurance policy which the Board may have in force on the
             condominium at any particular time. .

21  Dkt. 12-1 pp. 26.

22        The statute and covenants require the Harbour Commons Condominiums Association to

23  maintain property insurance on the common areas and units of the condominium.

24

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DISMISSING
ACTION- 6

1   In accordance with these provisions the Association purchased the subject insurance policy.

2   QEB has paid policy proceeds because of the loss to the building and units as a result of the fire.

3        The Plaintiffs presently seek recovery of lost rent pursuant to the Property Consequential

4   Coverages Section of the policy.  As noted, this provision provides payment for "loss of

5   community income, including loss of rent or loss of lease payments, due to the suspension of

6   your [Harbour Commons Condominiums Association's] operations during the period of

7   restoration." Other than stating that loss of community income encompasses loss of rent and

8   excludes maintenance fees and assessments, the policy does not define the term "community

9   income." The provision covers all loss of community income due to suspension of Harbour

10   Commons Condominiums Association's operations during the period of restoration.

11       **Individual Unit Owners as Members of Community**

12        Plaintiff argues that the individual unit owners are clearly part of the community and

13   treating their loss of rent as a community loss is consistent with other parts of the policy.

14   Plaintiff cites to the Property Direct Coverages Section of the policy which provides coverage for

15   "general community property," which includes individual condominium units.  See Dkt. 12-1 pp.

16   14.  However, the direct coverage of the individual units is precisely what is mandated by statute

17   and the Association covenants.  The policy provides for the repair of units and common areas in

18   the event of a loss, such as fire. Defendants provided coverage under the policy to the

19   Association, as trustee, to accomplish the repairs to the Harbour Commons Condominiums after

20   the fire. That is a practical approach to repairing what was damaged, when common areas and

21   units have integrated components.  See *Anderson v. Counsel of Unit Owners of*

22

23

24

1   *Gables on Tuckerman*, 404 Md. 560, 948 A.2d 11 (2008).  The fact that individual unit owners

2   benefited from the repair of their units does not support an argument that they are entitled to

3   directly recover under the policy.

4                    **The Community and Direct Losses**

5           Contrary to the position of Plaintiffs that their individual unit rent income should be

6   considered "community income," the policy as a whole limits the use of the term community to the

7   named insured, Harbour Commons Condominiums Association.  The term "community property"

8   as defined in the Property Direct Coverages Section is confined to property that is owned or

9   controlled by the named insured.  The provisions providing coverage for "Community Personal

10  Property" limit coverage to the named insured (i.e. indoor and outdoor furnishings, appliances,

11  machinery, temporary structures, etc).  Dkt. 14-4 pp. 5-6.  The provisions for coverage for

12  'Special Community Property' are limited to items that might be considered part of common areas

13  (i.e. structural glass, bridges, docks, retaining wall, satellite dishes, newly constructed buildings),

14  or items specifically owned by the Asscociation (i.e. money, securities, computer and media

15  equipment, papers, receivables, records, etc.)  Dkt. 14-4 pp.  Thus, other than the mandate to

16  cover the repair of the units of the condominium, other direct coverages applicable to the

17  community property are confined to the named insured.

18                   **The Community and Consequential Losses**

19          The same is true under the Property Consequential Coverages Section.  The coverage of

20  maintenance fees and assessments, accounts receivable expenses, and extra expenses incurred to

21  continue normal operations during restoration, are all limited to the named insured.  Dkt. 14-4

22  pp. 8.  Even more telling is the provision entitled "Increased Period of Restoration Coverage.

23  Dkt. 14-4 pp. 9.  This provision provides for an extension of coverage for loss of "community

24

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DISMISSING
ACTION- 8

1   income," including loss of rent, "to include the amount of actual and necessary loss you sustain

2   during the increased period of restoration of normal community operations." Dkt. 14-4 pp. 9.  As

3   previously noted, the term "you" is defined as to refer to the named insured, Harbour Commons

4   Condominiums Association.   Only the named insured is entitled to extended coverage for loss of

5   rent.

6               **Community Income is Limited to the Named Insured**

7          Construing the policy as a whole, giving a fair, reasonable, and sensible construction as

8   would be given by the average person purchasing insurance, the policy is unambiguous.  The

9   policy provides coverage for loss of community income, including loss of rent or loss of lease

10  payments, due to the suspension of Harbour Commons Condominiums Association's operations

11  during the period of restoration. Community income is that income attributable to Harbour

12  Commons Condominiums Association.  The policy does not provide insurance for loss of rent to

13  the individual unit owners.  There are no genuine issues of material fact and Defendants are

14  entitled to summary judgment.

15                          **CONCLUSION**

16         The Court having considered the motion, response, reply, and relevant documents herein,

17  finds there are no genuine issues of fact and **GRANTS** the Defendants' motion for summary

18  judgment.  Therefore, it is hereby **ORDERED** that:

19         Defendants' Motion for Summary Judgment (Dkt. 11) is **GRANTED**.  All Plaintiffs'

20  claims against Defendants are **DISMISSED WITH PREJUDICE**.

21         Dated this 21st day of April, 2011.

22

23         _____
           ROBERT J. BRYAN
24         United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND DISMISSING
ACTION- 9